**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER ROY BRETAS,

    Defendant - Appellant.

No. 18-8095
(D.C. No. 1:17-CR-00152-NDF-3)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MATHESON**, Circuit Judges.
_____

Christopher Roy Bretas pleaded guilty to one count of conspiracy to distribute

methamphetamine. He was sentenced to 151 months' imprisonment after the district

court varied downward from the advisory Sentencing Guidelines range of 210 to 262

months. Mr. Bretas did not file a direct appeal, but instead filed a pro se 28 U.S.C.

§ 2255 motion based on ineffective assistance of trial counsel in failing to file an

appeal after Mr. Bretas requested that he do so. Upon suggestion by the government,

the district court granted the § 2255 motion, vacated and reentered the underlying

judgment and sentence, and appointed counsel. Although Mr. Bretas's plea

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement contained an appeal waiver, appointed counsel filed a notice of appeal. The government has moved to enforce the appeal waiver in Mr. Bretas's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Bretas concedes that his appeal is within the scope of the appeal waiver and does not argue that enforcing the waiver would result in a miscarriage of justice. He contends, however, that he did not knowingly and voluntarily waive his appellate rights.

We look to two factors in determining whether a defendant's waiver of appellate rights is knowing and voluntary. "First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* (citation omitted). Mr. Bretas bears the burden of presenting evidence from the record to demonstrate his waiver was not knowing and voluntary. *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam).

Mr. Bretas's plea agreement explicitly provides that he knowingly and voluntarily waived his appellate rights. The plea agreement states: "The Defendant acknowledges he is entering this agreement and pleading guilty freely and voluntarily

2

because he is, in fact, guilty." Mot. to Enforce, Ex. 1 at 2. The agreement also states:

> The defendant *knowingly and voluntarily* waives any right to appeal any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed . . . except to the extent, if any, the Defendant's sentence is determined on the basis of an upward departure from the applicable sentencing guidelines range determined by the court.

*Id.* at 4 (emphasis added). The exception provided in the appellate waiver does not apply here because the district court did not apply an upward departure in sentencing Mr. Bretas; to the contrary, it applied a significant downward departure.

The transcript of the plea hearing also demonstrates that the district court conducted an adequate Rule 11 colloquy. Mr. Bretas initially appeared at a change-of-plea hearing on September 26, 2017. During that hearing, it was apparent Mr. Bretas "was not feeling well," Mot. to Enforce at 3; Resp. at 2 (internal quotation marks omitted). Upon recognizing that Mr. Bretas was exhibiting irregular behavior, which defense counsel noted was likely related to a change in medication prescribed for Mr. Bretas's mental health conditions, the district court appropriately postponed the hearing until such time as his condition improved. At the rescheduled change-of-plea hearing on October 10, 2017, the district court confirmed that Mr. Bretas was engaged in mental health counseling and that his medications had been appropriately adjusted. When asked if he was "feeling generally well and healthy," Mr. Bretas responded: "I'm feeling all right, but it is hard to track, so please go slow." Mot. to Enforce, Attach. 3 at 3. The district court encouraged Mr. Bretas to ask questions of the court, to speak up if he needed anything repeated,

3

and to feel free to step away to confer with defense counsel at any time. *Id.* at 3-4.

The following colloquy between the district court and Mr. Bretas then took place:

> THE COURT:  I have a copy of the plea agreement signed by you, your attorney and the attorney for the Government.  Did you read and discuss this plea agreement with your attorney before you signed it?
>
> THE DEFENDANT:  Yes, I did.
>
> THE COURT:  And do you understand what it is saying?
>
> THE DEFENDANT:  I think so.

*Id.* at 6.

After discussing the various consequences of pleading guilty, the district court addressed the plea agreement's language concerning waiver of the right to appeal or collaterally attack his sentence.  The exchange continued:

> THE COURT:  You've also waived your right to appeal, so you're pretty much stuck with me and what I decide at sentencing. . . . [Y]ou've waived the right to complain unless the Government files a Notice of Appeal first. . . . You also can't file what's called a collateral attack on your sentence except . . . in limited areas such as either prosecutorial misconduct or inadequate assistance of counsel.  Do you understand that your plea agreement contains a waiver of your rights in that regard?
>
> THE DEFENDANT:  Yes, ma'am.

*Id.* at 10-11.

The district court accepted Mr. Bretas's guilty plea, finding that he "is fully competent and capable of entering an informed plea; that he's aware of the nature of the charge brought against him and the consequences of a plea of guilty to that charge; and that his plea of guilty is a knowing and voluntary plea. . . ." *Id.* at 19.

In response to the motion to enforce, Mr. Bretas asserts his appellate waiver was not knowing and voluntary as evidenced by both "[t]he language of the plea

4

agreement and the transcripts of the changes of plea. . . ." Resp. at 7. Mr. Bretas does not explain how the language of the plea agreement rendered his waiver unknowing or involuntary, but instead relies primarily on the circumstances of his initial change-of-plea hearing.[1] As noted above, the district court took appropriate action in postponing the initial hearing after determining Mr. Bretas was not feeling well. At the second hearing, the district court questioned Mr. Bretas regarding his ongoing mental health treatment and medication management, and encouraged him to ask questions of the court and confer with his attorney at any time during the proceedings. Mr. Bretas also affirmatively and unequivocally stated that he understood the waiver of his appellate rights when specifically questioned on that subject by the district court. The fact that Mr. Bretas's initial change-of-plea hearing was continued due to his condition on that particular day does not render his later affirmations on the record regarding his understanding of his guilty plea and the accompanying appellate waiver unknowing or involuntary.

---

[1] We note that Mr. Bretas's counsel has muddled the chronology of the plea hearings in the response to the motion to enforce the plea waiver. *See* Resp. at 4-5. The argument and citations in the response give the misimpression that the district court engaged in a sidebar with counsel to discuss Mr. Bretas's shaky appearance and confusion during the rescheduled change-of-plea hearing on October 10, 2017, shortly before the district court accepted Mr. Bretas's guilty plea. But that sidebar took place at the initial change-of-plea hearing on September 26, 2017, and the district court ultimately rescheduled that hearing due to Mr. Bretas's condition. *See* R., Vol. 4 at 11-17. We expect greater care by counsel in setting forth the pertinent facts.

Mr. Bretas also contends that his persistence in attempting to file an appeal necessarily means he did not understand he waived his right to do so, and since the district court granted his § 2255 motion based on trial counsel's alleged failure to file an appeal, it follows that he should be allowed to proceed with the appeal notwithstanding the appeal waiver in the plea agreement. Resp. at 9-11. However, as the district court noted in its order granting the § 2255 motion, "this [motion] involves [Mr. Bretas's] right to *file* the appeal, not the *merits* of the appeal," noting that "[he] waived his right to appeal through his Plea Agreement, [and] [n]othing in this Order changes or alters that waiver in the Plea Agreement," R., Vol. I at 75 (emphasis added).

We conclude Mr. Bretas has not met his burden of demonstrating that his guilty plea and the accompanying appellate waiver were not knowing and voluntary. Accordingly, we grant the government's motion to enforce the appellate waiver in the plea agreement and we dismiss this appeal.


Entered for the Court
Per Curiam